**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1407-24

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JULIO CAMACHO,

    Defendant-Appellant.

_____

> Submitted June 30, 2026 – Decided July 22, 2026
>
> Before Judges Currier and Torregrossa-O'Connor.
>
> On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Indictment No. 17-06-0589.
>
> Jennifer N. Sellitti, Public Defender, attorney for appellant (John V. Molitor, Designated Counsel, on the brief).
>
> Camelia M. Valdes, Passaic County Prosecutor, attorney for respondent (Kyle Malanowski, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Julio Camacho appeals from a November 14, 2024 Law Division order denying without an evidentiary hearing his second motion for post-conviction relief (PCR). We affirm.

I.

We synthesize the following summary of pertinent facts and procedural history from our decision on direct appeal affirming defendant's conviction and sentence, State v. Camacho (Camacho I), No. A-3847-17 (App. Div. Sept. 25, 2018), our decision affirming the denial of defendant's first PCR petition, State v. Camacho (Camacho II), No. A-4549-19 (App. Div. July 27, 2022), and the record.

We begin by again noting that, regarding the charges defendant faced before ultimately pleading guilty, "[a]s is clear from the record, the State had a strong case." Id. at 7. As we previously summarized, on the same day in March 2017,

> defendant robbed a liquor store with a BB gun, and shortly thereafter approached two young men on the street, brandishing the gun and demanding money, their cell phones and a key fob. The liquor store robbery was captured on video, and after defendant left the young men and went in search of their car, they ran home to report they'd been robbed. Defendant was subsequently accosted by the father and uncle of one of the victims, demanding defendant return the stolen property. A

police officer arrived, disarmed defendant and arrested him.

[Id. at 2.]

A drug screen reflected "PCP and cannabinoid in his urine." Ibid.

Indicted on five counts of first-degree robbery, N.J.S.A. 2C:15-1(a)(1), first-degree carjacking, N.J.S.A. 2C:15-2(a)(1), and related weapons offenses including certain persons not to have firearms, N.J.S.A. 2C:39-7(b)(1), and facing extended term sentencing with lengthy mandatory parole ineligibility, defendant pled guilty to two counts of robbery and the carjacking offense, all first-degree crimes, in exchange for the State's recommended aggregate sentence of sixteen years' imprisonment subject to the No Early Release Act, N.J.S.A. 2C:43-7.2, and dismissal of eight remaining counts. At the plea hearing, defendant swore to the knowing, intelligent, and voluntary nature of his plea, his satisfaction with defense counsel, and his lack of any questions concerning his case or his plea. As we previously noted, the colloquy was "extended," and "defendant acknowledged the extensive negotiations surrounding the plea, his exposure, . . . expressed satisfaction with the services of his counsel, assured the judge he was pleading guilty because he was guilty, and that no one had pressured him to enter the plea." Camacho II, slip op. at 4.

A-1407-24

Prior to sentencing, defendant moved to vacate his guilty plea, alleging counsel had failed to properly investigate and obtain medical records concerning his mental state and toxicology at the time of his offenses. The trial court denied the motion, and we affirmed the trial court's decision and defendant's sentence. Camacho I, slip op. at 1.

Defendant's first PCR motion raised claims of ineffective assistance of trial counsel based on counsel's alleged failure to investigate or obtain relevant medical records, negotiate or secure a more favorable plea agreement, or more effectively argue the motion to withdraw the plea. As we previously emphasized, "the [PCR] judge, who had presided over defendant's competency hearing, taken his plea and sentenced him to prison, denied the petition without an evidentiary hearing." Camacho II, slip op. at 5. The PCR judge found defense counsel utilized the drug results in various ways to assist defendant, secured a favorable plea offer, and could not have made different arguments that would have altered the outcome of the motion to withdraw.

In affirming the first PCR denial, we identified the weighty evidence of guilt and the serious sentencing exposure defendant faced without a negotiated plea. Specifically, we noted:

> Defendant's robbery of the liquor store was captured on video, and he was apprehended with the BB gun.

4

Because the two young men defendant robbed and carjacked had enlisted their relatives to get back their belongings, several people were prepared to identify defendant at trial. Defendant was also extended-term eligible and conviction at trial could have resulted in him serving decades in prison on consecutive sentences for these three first-degree offenses.

[Camacho II, slip op. at 7.]

Accordingly, we concluded PCR was properly denied as "[d]efendant put forth nothing to show any realistic hope of succeeding on an intoxication defense." Id. at 8. Importantly, we determined "defendant failed to show any incompetence on his counsel's part or that a decision to reject the plea bargain the State offered on the trial date would have been a rational decision under the circumstances." Ibid.

In November 2023, defendant filed a second petition for PCR, again raising ineffective assistance of his trial counsel, and further alleging his first PCR counsel was deficient for failing to effectively advance defendant's claims concerning his trial counsel's ineffective representation. At its core, defendant claimed trial counsel failed to adequately investigate the case, prepare a defense, or advocate forcefully for defendant, and pressured him to plead guilty. He thus claimed first PCR counsel failed to sufficiently present these claims on his behalf and is entitled to relief.

A-1407-24

In denying relief, the court again referenced defendant's detailed plea colloquy confirming his voluntary decision to plead guilty and satisfaction with counsel, and acknowledging his understanding of the evidence, his rights, the plea terms, and his sentencing exposure. The court found issues surrounding the voluntariness of the plea, plea counsel's performance, and the motion to vacate "ha[d] been litigated extensively already." Noting defendant's "sub-argument" contending first PCR counsel ineffectively advocated on his behalf concerning trial counsel's alleged deficiencies, the court stated it "[did not] see anything to support that finding . . . ." The court denied PCR concluding, "[t]his has been litigated, re-litigated, litigated again, re-litigated again at the Appellate Division, all arriving at the same answer . . . the conviction stands based on a plea that was knowing, intelligent, and voluntary . . . and [nothing] before [the court] would change that decision." The court similarly regarded defendant's arguments concerning trial counsel's failing to investigate or pursue an intoxication defense as previously raised, considered, and rejected.

II.

Defendant appeals, raising the following arguments for our consideration:

POINT I

THIS COURT SHOULD REVERSE THE PCR COURT'S DECISION TO DENY . . . DEFENDANT'S

6

PETITION FOR [PCR] WITHOUT AN EVIDENTIARY HEARING BECAUSE . . . DEFENDANT ESTABLISHED THE ATTORNEY WHO ARGUED HIS FIRST PETITION FOR [PCR] WAS INEFFECTIVE.

POINT II

THIS COURT SHOULD REVERSE THE PCR COURT'S DECISION TO DENY . . . DEFENDANT'S SECOND PETITION FOR [PCR] WITHOUT AN EVIDENTIARY HEARING BECAUSE . . . DEFENDANT ESTABLISHED HIS PLEA COUNSEL DID NOT INVESTIGATE THE CASE AND PREPARE FOR TRIAL.

POINT III

THIS COURT SHOULD REVERSE THE PCR COURT'S DECISION TO DENY . . . DEFENDANT'S REQUEST FOR AN EVIDENTIARY HEARING ON THE ISSUE OF WHETHER . . . DEFENDANT'S ATTORNEY WAS INEFFECTIVE AT SENTENCING.

III.

In the absence of an evidentiary hearing, we may review without deference "both the factual findings and legal conclusions of the PCR court." State v. Harris, 181 N.J. 391, 421 (2004). The mere raising of a claim for PCR does not entitle the defendant to an evidentiary hearing. See State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Rather, "[i]f the court perceives that holding an evidentiary hearing will not aid the court's analysis of whether the

7

defendant is entitled to [PCR], . . . then an evidentiary hearing need not be granted." State v. Marshall, 148 N.J. 89, 158 (1997).

The United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 687 (1984), established a two-part test to determine whether a defendant has been deprived of the effective assistance of counsel, which the New Jersey Supreme Court adopted in State v. Fritz, 105 N.J. 42, 58 (1987), under New Jersey's Constitution. Failure to establish either prong requires the denial of a PCR petition founded on an ineffective assistance of counsel claim. Strickland, 466 U.S. at 700. "[B]ald assertions" will not suffice to secure relief. Cummings, 321 N.J. Super. at 170. Further, reviewing courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and "the defendant must overcome the presumption that, under the circumstances, the challenged action [by counsel] 'might be considered sound trial strategy.'" Strickland, 466 U.S. at 689 (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)). Importantly, claims are procedurally barred from PCR if they could have been made on direct appeal, see Rule 3:22-4, or were previously raised and resolved on the merits, see Rule 3:22-5.

Against this well-settled backdrop, we have evaluated defendant's claims and conclude they are either barred as made after a prior adjudication on their

A-1407-24

merits, see Rule 3:22-5; see also State v. McQuaid, 147 N.J. 464, 483 (1997) (recognizing "a defendant may not use a petition for [PCR] as an opportunity to relitigate a claim already decided on the merits"), or lack sufficient merit to warrant extended discussion in a written opinion, see Rule 2:11-3(e)(2). We add only that we are unpersuaded by defendant's contentions first PCR counsel was ineffective for failing to argue more persuasively issues concerning trial counsel's performance, which we previously rejected when framed directly against trial counsel. Recasting the argument makes it no more compelling, as defendant again fails to make even a prima facie showing of prejudice.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Hanley

Clerk of the Appellate Division